# Sloss-Sheffield Steel and Iron Company, Appellant, *v.* Tacony Iron Company.

*Contract—Sale—Delivery—Delay—Judicial notice.*

Where a contract for the sale of pig iron made in Birmingham, Alabama, on April 16 provided for "shipments during April and May," "delivered f. o. b. Tacony, Philadelphia, Pennsylvania," and the iron was shipped on April 30, but not tendered at Tacony until December 24, the purchaser is justified in refusing to accept the iron in the absence of any explanation as to the cause of the delay. In such a case the court will take judicial notice of the distance between Birmingham and Tacony and of the time, which by any ordinary means of transportation, would be consumed in sending goods from one point to the other, and will determine as a matter of law that the unexplained delay was wholly unreasonable.

Argued Dec. 16, 1912. Appeal, No. 247, Oct. T., 1912, by plaintiff, from order of C. P. No. 2, Phila. Co., June Term, 1910, No. 280, refusing to take off nonsuit in case of the Sloss-Sheffield Steel and Iron Company v. Tacony Iron Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before BARRATT, J.

The facts are stated in the opinion of the Superior Court.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*C. W. Van Artsdalen,* with him *W. Howard Ramsay,* for appellent.

*Albert B. Weimer,* for appellee.

OPINION BY ORLADY, J., July 16, 1913:

This action was brought to recover $702, with interest, upon a contract dated April 16, 1907, by which the plaintiff agreed to furnish and deliver to the defendant 500 tons of Grey-Forge Sloss pig iron, under terms and conditions set forth at length in a copy attached to the plaintiff's statement. Thirty-nine of the tons called for were delivered to a railroad company at Birmingham, Alabama, where the iron was made, to be shipped to the defendants at Tacony, Philadelphia, Pennsylvania.

On April 30, 1907, the shipments were forwarded, and were tendered by the Pennsylvania R. R. Company to the defendant at Tacony, Pennsylvania, on December 24, 1907, when the iron was refused, and it was subsequently sold by the Pennsylvania R. R. Company for freight and charges which were in excess of the amount received from the sale of the iron. The contract specified that the iron was to be "Grey-Forge Sloss, at $22.80 per ton, of 2,240 pounds, delivered f. o. b. Tacony, Philadelphia, Pennsylvania. Shipments during April and May."

No explanation was given as to where the iron had been held or why it had been detained during the intervening eight months, and the court on motion granted a nonsuit which it subsequently refused to lift.

The agreement to deliver f. o. b. at Tacony, did not mean anything less than that the goods were to be de-

livered to that place during April and May, or at least within a reasonable time thereafter, as the consummation of the contract.  The title to such goods did not pass until they were actually delivered, so that any loss arising from destruction, injury or delay in delivery of the goods must be borne by the seller, for the reason that he only was the owner of the goods.  The delivery to the carrier did not divest the title of the vendor to the property, nor pass it to the purchaser, under this contract, until it reached its destination, and the hazards of transportation were at the risk of the consignor.  The facts were not in dispute, and it was a question of law for the court to determine when the title passed to the purchaser: Dannemiller v. Kirkpatrick, 201 Pa. 218; American Bridge Co. v. Duquesne Steel Co., 28 Pa. Superior Ct. 479; McHenry v. Bulifant, 207 Pa. 15; Standard Interlock Elevator Co. v. Wilson, 218 Pa. 280; Mull v. R. R. Co., 38 Pa. Superior Ct. 416.  The court rightfully took judicial notice of the distance between Birmingham, Alabama, and Tacony, Pennsylvania, and of the time which, by any ordinary means of transportation, would be consumed in sending goods from one point to the other.  The conclusion could not be other, than that eight months was a wholly unreasonable time for such transportation, and the delay in making the delivery imposed upon the seller the burden of showing that the cause of the delayed delivery was not under his control.  No attempt was made to meet this demand and the court properly entered a nonsuit, which is the only error assigned and this is now overruled and the judgment is affirmed.