# Coroneos Brothers, Appellants, *v.* Pennsylvania Railroad Company.

*Carriers—Railroad—Unauthorized delivery of freight—Bill of lading—Proof of loss—Time limitation.*

In an action by a shipper against a railroad company for the unauthorized delivery of freight, it appeared that the bill of lading provided that all claims must be made within four months after delivery of the property, but in case of failure to make delivery then within four months after reasonable time for delivery had elapsed. An unauthorized delivery of the property was made by the warehousing company, with whom it was stored pursuant to a provision in the bill of lading, but no claim for loss was presented until nearly eight months after the arrival of the property at destination.

Under such circumstances, the claim for the failure to deliver was not made in time, and judgment was properly entered in favor of the defendant.

Argued October 7, 1920. Appeal, No. 60, Oct. T., 1920, by plaintiffs, from judgment of the Municipal Court of Philadelphia, April T., 1919, No. 99, for defendant non obstante veredicto in the case of George Coroneos, Peter Coroneos and Harry Coroneos, trading as Coroneos Brothers, v. Pennsylvania Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit on contract of shipment. Before MAC-NEILLE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The trial judge made a general finding in favor of the plaintiffs and subsequently the court in banc, on motion,

entered judgment in favor of the defendant non obstante veredicto. Plaintiffs appealed.

*Error assigned* was the judgment of the court.

*Albert Morgan,* for appellant, cited: Bash v. Bash, 9 Pa. 260; Cronin v. Sharp, 16 Pa. Superior Ct. 76; Zehner v. Sheff, 54 Pa. Superior Ct. 529.

*Francis B. Biddle,* and with him *Sharswood Brinton,* for appellee.—The claim in writing was not made within the time prescribed in the bill of lading: Georgia, etc., Ry. Co. v. Blish Milling Co., 241 U. S. 190; Bolles v. Lehigh Valley R. R. Co., 159 Fed. 694.

The carrier's responsibility ended when the goods arrived at the point of destination: Elliott on Railroads, vol. 4, sec. 1432; Atchison, Topeka & Sante Fe R. R. Co. v. Denver, etc., R. R. Co., 110 U. S. 667; Little Rock, etc., R. R. Co. v. St. Louis, etc., R. R. Co., 41 Fed. 559; Myrick v. Michigan Central R. R. Co., 107 U. S. 102; Central Georgia R. R. Co. v. Chicago, etc., R. R., 169 Ala. 297.

OPINION BY LINN, J., December 10, 1920:

Plaintiffs' appeal from judgment for defendant entered in the municipal court in a suit to recover for the unauthorized delivery of freight. A jury trial was waived. The only error assigned is the entry of the judgment.

The evidence showed that on May 29, 1917, appellants delivered to appellee a shipment of olive oil consigned to themselves at Cleveland, Ohio, with instructions to notify Vitorio and Company. Vitorio did not accept the draft presented with the bill of lading and both papers were returned to the shippers. Arrival notices were duly sent, and after the expiration of the free time, the shipment not being called for, it was stored in a public

warehouse pursuant to the following provision in the bill of lading so authorizing:

"Sec. 5. Property not removed by the party entitled to receive it within forty-eight hours (exclusive of legal holidays) after notice of its arrival has been duly sent or given may be......removed to and stored in a public or licensed warehouse at the cost of the owner and there held at the owner's risk and without liability on the part of the carrier, and subject to a lien for all freight and other legal charges, including a reasonable charge for storage."

On June 14, 1917, appellee by letter advised appellants that the shipment was "on hand at destination unclaimed." On August 22d or September 22d, the evidence is not clear which, appellants sent the bill of lading to appellee and by letter requested it to return the shipment to appellants at Philadelphia. On October 23, 1917, appellee by letter advised appellants that the shipment had been delivered to Vitorio and Company by the warehousing company with whom it was stored as has been stated. This delivery was unauthorized by appellants. On February 11, 1918, appellants made a claim for the value of the shipment.

It is sufficient to refer to but one of the matters of defense set up, i. e., that the claim was made too late. The bill of lading in evidence provided:

"Sec. 3. Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be responsible."

The meaning of that provision is determined by the federal law, and it has been held that the "fair meaning of the stipulation is that it includes all cases of such failure [to make delivery] as well those of misdelivery as those due to the loss of the goods": Georgia, etc., Ry.

Co. v. Blish Milling Co., 241 U. S. 190, 196. When appellants were informed on June 14, 1917, that the goods had arrived at destination, it was their duty to receive them. Since no claim was made until February 11, 1918, for the failure to deliver or the misdelivery, the claim was not made in time. There was nothing in the letters referred to and written by appellants to appellee between those dates containing anything which could be construed into claim.

Judgment affirmed.