## Hilbert v. Pennsylvania Railroad Company.

*Uniform bill of lading—Requirement that suit be brought, in case of failure to deliver goods, within two years and one day after reasonable time for delivery has elapsed.*

1. The clause in the uniform bill of lading requiring that in case of failure to make delivery, suit shall be brought within two years and one day after a reasonable time for deliverey has elapsed, is valid and will be enforced.

2. Plaintiff shipped household goods at Huntingdon, Mass., consigned to herself at Philadelphia, on or about Nov. 21, 1917. They were not delivered, and to her inquiries defendant replied that they had not arrived and could not be found. In 1919 the goods were found, but defendant's agent demanded storage charges. Later, defendant offered to deliver the goods upon payment of hauling charges. This the plaintiff refused. On May 7, 1920, she made a formal demand, which defendant refused on May 8, 1920. On May 29, 1920, she brought suit: *Held,* that the suit was unreasonably delayed, and under the above clause could not be maintained.

Motion to take off non-suit. C. P. No. 3, Phila. Co., June T., 1920, No. 1064.

*Allen S. Olmsted, 2nd,* for plaintiff; *Charles Myers,* for defendant.

McMichael, P. J., March 31, 1922.—This case was tried Feb. 15; 1922, before McMichael, P. J. The trial judge entered a non-suit. The plaintiff has moved to take off the non-suit.

Hilbert v. Pennsylvania Railroad Company.

The non-suit was entered because the trial judge was of opinion that the plaintiff, having failed to bring suit within two years and one day or a reasonable time thereafter, cannot proceed with her action. The plaintiff shipped a carload of household goods at Huntingdon, Massachusetts, consigned to herself at Philadelphia. The Boston and Albany Railroad issued a bill of lading for the shipment, which was offered in evidence by the plaintiff, and which contained the following condition on the back thereof:

"Suit for loss, damage or delay shall be instituted only within two years and one day after the delivery of the property, or in the case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

The goods were shipped on or about Nov. 21, 1917. Beginning the second day after the goods were shipped, the plaintiff made frequent demands, and was told the goods had not arrived and they could not be found. In the summer of 1919 the goods were found, and the agent demanded that the plaintiff pay several hundred dollars in storage charges. Later, the defendant offered to deliver the goods upon the payment of hauling charges only. This charge the plaintiff refused to pay. On May 7, 1920, a demand was made by the plaintiff upon the defendant for the delivery of the goods, which was refused by the defendant on May 8, 1920. This suit was brought three weeks later.

The bill of lading under which the goods were shipped contained the following clauses:

". . . as conditions precedent to recovery, claims must be made in writing to the originating or delivering carrier within six months after the delivery of the property, . . . or in case of failure to make delivery, then within six months . . . after a reasonable time for delivery has elapsed; and suits for loss, damage or delay shall be instituted only within two years and one day after delivery of property, or in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

The trial judge considered that he was bound by the authority of Georgia, Florida and Alabama Ry. Co. v. Blish Milling Co., 241 U. S. 190, decided in 1916, in which the opinion of the Supreme Court of the United States was delivered by Mr. Justice Hughes. In that case the court decided, *inter alia*, that, no matter what the form of suit in a State court might be, the bill of lading (which was identical with the one under which the plaintiff in this case shipped her goods) was controlling, and that suit must be brought within two years and one day, or a reasonable time thereafter, from the time the goods should have been delivered.

The court *in banc*, upon the motion to take off the non-suit, is of opinion that in this interpretation the trial judge was correct. The interpretation of this clause of the bill of lading is clearly within the province of the Federal courts, and the opinion was that of the Supreme Court of the United States, which undoubtedly had the right to interpret this clause of the bill of lading; and the decision of that court that the form of action does not matter is controlling upon us. This, we think, disposes of the plaintiff's contention that no conversion took place until the letter demanding the goods from the railroad company was sent to them and a reply received containing a peremptory refusal to deliver the goods.

Another question in the case is whether suit was brought within a reasonable time after the expiration of two years and one day after failure to make delivery. The language of the bill of lading is: "Suits for loss, damage or delay shall be instituted only within two years and one day after delivery

1 D. & C.

of the property, or in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

We have two cases in the Superior Court of Pennsylvania upon what constitutes a reasonable period in cases similar to the one at bar. One case is Sloss-Sheffield Steel and Iron Co. v. Tacony Iron Co., 54 Pa. Superior Ct. 11, in which the opinion of the Superior Court was delivered by Orlady, J. (now President Judge), July 16, 1913. In that case the head-note is as follows:

"Contract—Sale—Delivery—Delay—Judicial notice. Where a contract for the sale of pig-iron, made in Birmingham, Alabama, on April 16th, provided for 'shipments during April and May,' 'delivered f. o. b. Tacony, Philadelphia, Pennsylvania,' and the iron was shipped on April 30th, but not tendered to Tacony until Dec. 24th, the purchaser is justified in refusing to accept the iron in the absence of an explanation as to the cause of the delay. In such a case the court will take judicial notice of the distance between Birmingham and Tacony and of the time which, by any ordinary means of transportation, would be consumed in sending goods from one point to the other, and will determine as a matter of law that the unexplained delay was wholly unreasonable."

In the opinion of the court in that case (page 13) the following language was used: "The court rightfully took judicial notice of the distance between Birmingham, Alabama, and Tacony, Pennsylvania, and of the time which, by any ordinary means of transportation, would be consumed in sending goods from one point to the other. The conclusion could not be other than that eight months was a wholly unreasonable time for such transportation, and the delay in making the delivery imposed upon the seller the burden of showing that the cause of the delayed delivery was not under his control. No attempt was made to meet this demand, and the court properly entered a non-suit."

In the case of Coroneos Brothers v. Pennsylvania R. R. Co., 75 Pa. Superior Ct. 222, in which the opinion of the court was delivered by Linn, J., Sept. 10, 1920, the head-note is as follows:

"In an action by a shipper against a railroad company for the unauthorized delivery of freight, it appeared that the bill of lading provided that all claims must be made within four months after delivery of the property, but in case of failure to make such delivery, then within four months after reasonable time for delivery had elapsed. An unauthorized delivery of the property was made by the warehousing company, with whom it was stored pursuant to a provision in the bill of lading, but no claim for loss was presented until nearly eight months after the arrival of the property at the destination.

"Under such circumstances, the claim for the failure to deliver was not made in time, and judgment was properly entered in favor of the defendant."

In that case the court said (page 225) : "Since no claim was made until Feb. 11, 1918, for the failure to deliver or the misdelivery, the claim was not made in time."

In the case at bar the goods were shipped on Nov. 21, 1917, and the letter and demand on which the plaintiff founds the present action of trespass in the nature of trover and conversion was written May 7, 1920. Suit was not brought until May 29, 1920. (The summons was served June 2, 1920.) So that six months and ten days elapsed between a time two years and one day after the shipment of the goods and the bringing of the suit. Even if thirty days be reckoned as a reasonable time for transportation, the plaintiff allowed ten days in December and all of January, February, March, April and May to elapse before she brought suit. This the trial judge considered, and we take

the same view, was an unreasonable time for her to wait to assert her rights, which are governed by the bill of lading.

The question of the reasonableness of the condition in the bill of lading was argued before the court, and it was stated that the Interstate Commerce Commission had held this particular provision of the bill of lading to be unreasonable. We do not, however, feel that we are bound by the decisions of the Interstate Commere Commission, because the District Court for the Northern District of Georgia, in the case of Leigh Ellis & Co. *v.* Payne, 274 Fed. Repr. 443, held that the decision of the Interstate Commerce Commission did not annul the rights of parties under bills of lading issued prior to the decision of the Interstate Commerce Commission, and, accordingly, that the two-year and one-day period for bringing suit was valid. This decision was affirmed by the Circuit Court of Appeals for the Fifth Circuit. See 276 Fed. Repr. 400.

The attention of the court has been called to the recent decision of the United States Circuit Court of Appeals for the Second Circuit in the case of the New York Central R. R. Co. *v.* Lazarus et al., in which the opinion of the court was delivered by Manton, Circuit Judge; in which case the judgment of the lower court was reversed and a bill of lading similar to the one which was in evidence in the case at bar was held not to be unreasonable.

For these reasons, the motion to take off the non-suit is overruled.