## Chambers, Appellant, v. American Railway Express Company.

*Carriers—Express company—Delivery to—Condition—Claim for failure to deliver—Four months' clause—Nonsuit.*

In an action of trespass for failure to transport goods by an express company, a nonsuit is properly entered where the plaintiff gave the company a conditional order to procure from a steamship company certain goods, and where the plaintiff failed to prove that the condition he imposed had been performed.

In such case, having taken a receipt for the delivery order, which contained a clause requiring the written demand for any losses within four months, failure to prove the filing of such a claim within the stipulated period, was a further reason for entering a nonsuit.

Argued October 5, 1923. Appeal, No. 140, Oct. T., 1923, by plaintiff, from judgment of Municipal Court of Philadelpha, Oct. T., 1921, No. 963, refusing to strike off judgment of nonsuit, in the case of Alexander Chambers v. American Railway Express Company. Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for breach of contract. Before GORMAN, J.

The facts are stated in the opinion of the Superior Court.

72 CHAMBERS, Appel., *v.* AMERICAN RWY. EXP. CO.

Statement of Facts—Opinion of the Court. [83 Pa. Superior Ct.

The court entered judgment of nonsuit which it subsequently refused to strike off. Plaintiff appealed.

*Ruby R. Vale,* and with him *J. Elwood Dukes,* for appellant.

*Alexander R. Staples,* for appellee.

OPINION BY PORTER, J., February 29, 1924:

The plaintiff brought this action to recover of the defendant, a common carrier, damages for failure to transport twenty-seven bags of sugar from Stapleton, Staten Island, New York, to Newtown, Pennsylvania. The court below, upon the trial, entered a compulsory nonsuit, which it subsequently refused to take off, which action the plaintiff assigns for error.

It appeared in evidence that the plaintiff was the consignee and owner of a consignment of sugar which had arrived from Guatemala on the steamship Lake Flattery on May 24, 1920, which was in the possession of the United Fruit Company, at Stapleton, Staten Island, New York. The plaintiff on that day went to the office of the defendant company in the City of New York and gave to a representative of the defendant an order in the following form: "United Fruit Co., delivery clerk, S/S 'Lake Flattery' foot Canal St., Stapleton, S. I., Please deliver to the American Express Co. 28 bags white sugar marked H. H. Shell after sugars are weighed by Messrs. R. Marky & Sons, 82 Beaver St., New York.

"A. Chambers."

The plaintiff thereupon received from the defendant company a contract in the form of the "Uniform Express Receipt," such as usual in interstate shipments, which was a receipt for the order on the steamship Lake Flattery and not a receipt for the bags of sugar. The receipt stated that the shipment was to be consigned to A. Chambers, at Newtown, Pa., and closed with the usual covenant, to wit: "Which the company agrees to

carry upon the terms and conditions printed on the back hereof, to which the shipper agrees, and as evidence thereof accepts and signs this receipt." The receipt was signed by the plaintiff and a representative of the company. The plaintiff testified that the representatives of the company promised to call for the sugar at the docks at Stapleton. The goods never did come into the physical possession of the defendant. The plaintiff called at the office of the defendant several times but the sugar was not delivered at Newtown, Pa. The plaintiff was, on July 7, 1920, notified by John B. Hobby's Son Company, that they held twenty-seven bags of sugar subject to his order in their storage warehouse, having received the same from the United Fruit Steamship Company. The plaintiff thereupon took possession of the sugar, sold it ten months later and alleged he sustained a loss. It is contended by the plaintiff that when he gave to the defendant the order for twenty-eight bags of sugar and received the receipt of the express company, that constituted a delivery of the property to the carrier. It is not always necessary that the delivery to a carrier shall be at its warehouse or station, an agent of the carrier who has authority so to do may agree to accept delivery elsewhere. The order which this plaintiff gave the defendant was not an unqualified direction to deliver; it was subject to the condition that the delivery should be made "after sugars are weighed by Messrs. R. Marky & Sons." The United Fruit Company would not have been warranted in delivering, nor was the express company authorized to receive the sugars until after they had been weighed by the parties whom the plaintiff designated. There may have been in this case a very good reason for the plaintiff incorporating this condition in his order, for he admitted in his testimony that the sugar actually in possession of the United Fruit Company was one sack short of the amount called for by the bill of lading issued by the officers of the steamship Lake Flattery. Because of the terms of the order

which the plaintiff had delivered to the express company and for which the latter had receipted, it was incumbent upon the plaintiff to prove in this action that the goods had been weighed by the weigher of his own choice, designated in the order, in order to sustain his contention that the sugar had been delivered to the carrier. The failure of the plaintiff to produce any evidence that the sugars had been weighed by R. Marky & Sons was sufficient reason for holding that the defendant never had possession of the sugar nor the right to such possession, and for refusing to take off the judgment of nonsuit.

Even if we should hold that there was sufficient evidence of a delivery of the sugar to the defendant, then the liability of the latter is dependent upon the terms of the shipping contract, the "Uniform Express Receipt," on file with the Interstate Commerce Commission. The contract contains the stipulation that "claims must be made in writing to the originating or delivering carrier within four months after delivery of the property, or, in case of failure to make delivery, then within four months after reasonable time for delivery has elapsed." The plaintiff did not himself have any written communication with the defendant relating to the delay in the delivery. He testified that after he had recovered possession of the sugar he consulted Mr. Hardy, an attorney of New York City, but he did not testify that he ever saw any letter which Mr. Hardy wrote to the defendant company. He did testify that he subsequently received from Mr. Hardy a letter purporting to come from the express company. This letter, purporting to be from the express company to Mr. Hardy, was offered in evidence. It may well be doubted whether it was properly received, for there was no testimony to identify it, nor as to the authority of the person who wrote it, nor was Mr. Hardy called as a witness to testify that he received it in reply to a communication from him to the express company. Yet this letter is the only evidence from which it could be inferred that Mr. Hardy had actually written to the

express company. The letter does not state that Mr. Hardy had, as representing the plaintiff, made a written claim for damage resulting from the delay of the shipment. The letter from Mr. Hardy, if he wrote one, may have been merely an inquiry as to the facts, in order to ascertain whether there had been fault on the part of Marky & Sons, the weighers, or the United Fruit Company in whose hands the shipment had been found to be one sack short. There was nothing in the letter which would have warranted a finding that a written claim for compensation for loss had been presented to the defendant within the time by the stipulation required. The court did not err in refusing to take off the judgment of nonsuit: Concordia Silk Hosiery Co. v. Pennsylvania R. R. Co., 69 Pa. Superior Ct. 361; Coroneos Brothers v. Pennsylvania R. R. Co., 75 Pa. Superior Ct. 222; Georgia, Fla. & Ala. Ry. v. Blish Co., 241 U. S. 190.

The judgment is affirmed.