## Monske v. American Railways Express Company.

*Carriers—Common carriers—Rules and regulations—Delivery—Condition precedent—Claims—Reasonable time—Case for jury—Evidence.*

Where nothing is said in a rule of a defendant express company providing that in cases of failure to make delivery as a condition precedent to recovery, claims must be made in writing to the originating or delivering carrier within four months after a reasonable time for delivery has elapsed, sufficient evidence at the trial to support the conclusion that an informal claim in writing was made by the plaintiff to the delivering carrier within four months after a reasonable time for delivery had elapsed is enough to take the case to the jury.

Motion for judgment *non obstante veredicto.* C. P. Fayette Co., March T., 1922, No. 600.

*George Patterson,* for plaintiff; *Playford & Phillips,* for defendant.

VAN SWEARINGEN, P. J., Feb. 5, 1924.—On June 18, 1920, the plaintiff, at Newark, N. J., shipped by way of the American Railways Express Company, a common carrier, certain goods to Palmer, Pa. The plaintiff never received his goods, and he brought this action to recover the value thereof. The property was shipped in two boxes, and consisted of clothing and household goods and a sewing-machine, all of which, as stated by the plaintiff at the time of shipment, was of a value of $260, on which expressage amounting to $2.44 was paid in advance.

The receipts for the shipments contained a clause to the effect that, in cases of failure to make delivery, as a condition precedent to recovery, claims must be made in writing to the originating or delivering carrier within four months after a reasonable time for delivery has elapsed; and the ground of defence at the trial was that no sufficient claim in writing had been made by plaintiff as required by that rule; defendant citing and relying on Coroneos Brothers v. Pennsylvania R. R. Co., 75 Pa. Superior Ct. 222.

Nothing is said in the rule of the defendant company as to the form of the written claim to be made in such cases. There was sufficient evidence at the trial to support the conclusion that an informal claim in writing had been made by the plaintiff to the delivering carrier within four months after a reasonable time for delivery had elapsed, and the case was submitted to the jury to determine whether or not such claim in writing had been made within

Monske v. American Railways Express Company.

the time specified, with instructions that if such claim had been made within the limit of time mentioned, the plaintiff was entitled to recover, otherwise, that a recovery could not be had. The jury determined that issue in favor of the plaintiff and returned a verdict in plaintiff's favor for $262.44.

A motion for binding instructions for defendant was made at the close of plaintiff's case, which was overruled. The case now is before the court on a motion for judgment for the defendant *non obstante veredicto*. But we see no legal reason for interfering with the verdict of the jury.

And now, Feb. 5, 1924, the motion for judgment for defendant *non obstante veredicto* is refused, and it is ordered that judgment be entered on the verdict upon payment of the jury fee.

From Luke H. Frasher, Uniontown, Pa.

NOTE.—Syllabus by the Court.