In re Philip Goodridge, et als.

Applts. from Decree of Judge of Probate.

Cumberland.    Opinion November 1, 1920.

*In contesting the probating of a will, the burden of proving fraud or undue influence is on the contestants.  Not essential for testator to declare in the presence of the three attesting witnesses, it to be the last will and testament, if acknowledged by the testator to be her instrument in the presence of the three attesting witnesses.  Neither is it essential that the witnesses sign in the presence of each other.  Attestation clause prima facie evidence of compliance with requisite formalities, in case of failure of memory or death of witnesses.  Instrument executed "animo testandi".*

The probate of the will of the late Gertrude Archambeau is protested on grounds that may be classified under three heads:  (1)  That the instrument was not her will, but was obtained by the fraud and undue influence of her husband, (2) that it was not executed in accordance with the requirements of the statutes and laws of this State; (3) that it was not a completed instrument.

*Held:*

That the burden of proving fraud or undue influence is on the contestants and there is no substantial evidence of either in this case.

That the testatrix signed the instrument in question with her own hand with full knowledge of its contents as her last will and testament, and by her words or acts declared or acknowledged it to be her instrument in the presence of the three witnesses who attested it, and who were all disinterested and signed it as witnesses in her presence and at her express request or with her consent.  It is not essential that she declare it to be her last will and testament in the presence of the witnesses, if she acknowledges it to be her instrument, or that the witnesses sign in the presence of each other.

The signatures of three witnesses under the usual attestation clause in case of death, absence from the jurisdiction of the court or failure of memory is prima facie evidence of all the requisite formalities having been complied with; but other evidence and the attendant circumstances may also be considered in proof that the necessary formalities were complied with.

The ordinary form of attestation clause includes matters not essential under the statutes of this State to be proved to entitle a will to be admitted to probate. Because the evidence shows that certain of these non-essentials were not complied with, it does not deprive the attestation clause, duly signed, of its effect as prima facie evidence of the essential formalities having been complied with in case of the failure of memory or death of witnesses.

Notwithstanding certain blanks in the instrument presented were not filled out, the instrument as presented was executed *animo testandi* and as her last will and testament.

This is an appeal from the decree of the Judge of Probate of Cumberland County, approving and allowing the last will and testament of Gertrude Whittier Archambeau. Philip Goodridge and Daniel M. Goodridge, brothers of the deceased, resisted the petition for the allowance of the will, alleging fraud, and undue influence, and a failure to comply with the requirements of the statutes and laws of this State in the execution of the will. The cause was reported to the Law Court by agreement of parties on the testimony taken out at the hearing before the Probate Court, and an agreed statement of certain facts.

Appeal dismissed with one bill of costs.

Case stated in the opinion.

*William H. Gulliver, and John B. Thomes,* for appellant.
*Guy H. Sturgis, and Carroll S. Chaplin,* for appellee.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

WILSON, J. The will of Gertrude Whittier Archambeau was admitted to probate by the Judge of Probate of Cumberland County. From his decree an appeal was taken by the appellants to the Supreme Court of Probate, and now comes before this court on a report of the evidence taken out in the Probate Court and on an agreed statement of certain facts.

The reasons assigned for the appeal, eight in number, may be summarized under three heads: (1) That the instrument was not

her will, but was obtained by the fraud and undue influence of her husband, (2) that it was not executed in accordance with the requirements of the statutes and laws of this State, (3) that it is not a completed instrument.

## FRAUD and UNDUE INFLUENCE.

The burden of proving either fraud or undue influence is on the contestants, *Norton et als., Applts.*, 116 Maine, 370. There is no substantial evidence of either. Fraud or wrong-doing is never presumed. To save the expense of an attorney in drafting, the will was prepared by the husband obtaining the ordinary printed form from a stationery store, and taking his own will which had been prepared by his lawyer and in which his wife was made the chief beneficiary, and having a stenographer make a copy substituting his wife's name for his own as the maker, and his name for that of his wife as the chief beneficiary, leaving blanks in the clauses providing for a disposition of such of her estate as remained at his death so that she might fill them in according to her wishes. According to her husband's testimony, and as the will itself discloses, she filled in with her own hand her mother's name in one of the blanks left for that purpose, dated the instrument and wrote the word "Woodfords" as the place of execution and signed it. That so much was done in her own hand does not seem to be questioned.

The testimony as to the manner of execution discloses no fraud or improper influence or conduct on the part of the husband or any other person, no acts or suggestions other than their intimate relations might naturally prompt him to do or make. True he is an interested witness, but not an incompetent one as to the preparation and drafting of the instrument as bearing on the issue of fraud and undue influence on his part. No adequate reason is shown why his testimony should be wholly disregarded. The testatrix was a comparatively young woman, in apparent good health, and as the evidence shows unquestionably of sound mind. Upon the ground of either fraud or undue influence the appeal cannot be sustained.

## EXECUTION.

According to the attestation clause, which is in the common form, the will was executed in compliance with the law. The appellants,

however, allege in their reasons for appeal that the will was not signed by her or by any person at her request in her presence, nor was it subscribed to in her presence by three disinterested witnesses, nor did she state to the subscribing witnesses that it was her will or acknowledge to them it was her signature attached thereto, nor did the witnesses subscribe to it in the presence of each other.

That she signed it by her own hand, and the three witnesses subscribed to it in her presence and were disinterested, there can be no doubt from the evidence, or that she signed it *animo testandi*, as her last will and testament. The attendant circumstances of signing, her filling in of the blanks, the testimony of the first subscribing witness and her later declarations testified to by her sister-in-law establish these facts, we think, beyond question.

It is not essential that she should declare the instrument to be her last will and testament in the presence of the subscribing witnesses, *Small* v. *Small*, 4 Maine, 220, 221; *Ela et als., Exrs.* v. *Edwards*, 16 Gray 91, 92; *Deake Applt.*, 80 Maine, 50, 53; *Osborn* v. *Cook*, 11 Cush., 532, or that the witnesses should subscribe in the presence of each other.

It is sufficient under the statutes of this State if it appears that she did sign her name to the instrument as her will, that she by words or acts acknowledged it as her instrument in the presence of the subscribing witnesses either already signed by her, or signed it in their presence, and that the witnesses at her request subscribed to it in her presence. R. S., Chap. 79, Sec. 1; *Tilden et als.* v. *Tilden, Ex.*, 13 Gray, 110; *Hogan* v. *Grosvenor*, 10 Met., 54; *Osborn* v. *Cook*, supra; *Ela et als., Exrs.* v. *Edwards*, supra; *Nickerson* v. *Buck*, 12 Cush., 332; *Gerrish* v. *Nason*, 22 Maine, 438; *Barnes* v. *Barnes*, 66 Maine, 286; *Deake Applt.*, 80 Maine, 50, 53-54.

The evidence shows that on Sunday morning after the will was drafted and brought home, the first witness, a neighbor and intimate friend of the family, called at their home, and went upstairs with the husband in his "den" so-called, the wife being at work below. While there the husband called to the wife to bring his fountain pen which she did and sat down at his desk and in the presence of the witness signed the instrument which she then or previously had dated and filled in certain blanks. The witness then affixed his signature thereto under the attestation clause. Later in the day, as was their custom on Sunday, the testatrix and her husband drove to the home

of the husband's parents, where she stated on coming into the house that she had made her will and wanted the men to sign it, apparently referring to two men who had long been members of the senior Archambeau's household as boarders, one of them occupying a responsible position in a bank in Portland. Whereupon a sister-in-law summoned the men from their apartment, and when they came to the room where the testatrix was she produced the instrument already signed by her and, as the sister-in-law states, said it was her will and asked them to sign it, which they did in the presence of the testatrix and under the name of the witness who had already attested it, and in the usual place under the attestation clause. The testatrix then took it and placed it in the family safe deposit box where it was found after her death. The witnesses are all living, but while the first witness, after his memory was refreshed recalled the execution at the home as stated above, the last two witnesses have no recollection of what occurred at the time of their attestation, though they identify their signatures.

Not only do we think the signatures of the three witnesses under the usual attestation clause, in case of the death, absence from the State, or failure of memory must be given the usual effect of prima facie evidence of all the requisite formalities having been complied with, but the attendant circumstances, and evidence of other witnesses may be also considered.

The ordinary form of attestation includes matters not essential under the statutes of this State to be proved to have been done to entitle the will to be probated. Because the evidence shows that certain of these non-essentials were not done, it does not, we think, deprive the signing by three disinterested persons as witnesses to such a solemn instrument entirely of its effect as prima facie evidence of the necessary formalities to its proper execution having been complied with in case of failure of memory of the witnesses. In the case at bar such prima facie evidence is also supported by other evidence which we deem sufficient to warrant the admission of the instrument in question to probate as a will.

From all the evidence in the case we are satisfied that the testatrix knew the contents of the instrument she signed, that she signed it as her last will and testament, and that the first attesting witness saw her execute it, and his attestation was done in her presence and with her knowledge and consent and in contemplation of law at her

request, *Gross* v. *Burneston*, 91 Md., 383, 387; *Hull* v. *Hull*, 117 Iowa, 738; *Osborn* v. *Cook, et als.,* supra; *Tilden et als.* v. *Tilden, Ex.,* supra.

As to the attestation by the last two witnesses who subscribed later and at another place and when the first witness was not present, we think the evidence clearly shows that the testatrix went to the home of the father-in-law with the intent to obtain the signatures of the two men as witnesses, that at her request they were called for that purpose, that she produced the instrument already signed by her for their attestation and that at her request they signed it in her presence. Even though she did not then state in so many words that it was her will, we think the evidence of what was done under the attendant circumstances constituted a sufficient acknowledgment that it was her instrument and that it was her wish that they attest it as witnesses. *Non quod dictum, sed quod factum est inspicitur.* *Gross* v. *Burneston*, supra, *Hull* v. *Hull*, supra, *Ela et als., Exs.* v. *Edwards*, supra, *Nickerson* v. *Buck*, 12 Cush., 342. We are therefore of the opinion that the evidence warrants the conclusion that all the formalities for the execution of a valid will were complied with though not done in the manner usually followed by experienced practitioners at the bar.

## A COMPLETED INSTRUMENT.

The blanks left for the names of those it provided should take her property after the death of her husband were not filled in except in the case of her mother. It is for this reason it is urged that it was not a completed instrument, and hence should not be received as a will. We are of the opinion, however, that the instrument as it stands was executed by her as her last will and testament. Her husband testified that after talking it over they decided it was unnecesssary to fill in the other blanks.

Upon the proper construction of the provisions of the will we express no opinion, but having executed it as her will, the failure to fill in the blanks left in it will not defeat it. Schouler on Wills, Vol. 1, Page 363; *Harris* v. *Pue, Admr.*, 39 Md., 548; *Kultz* v. *Jaeger*, 29 App. Cases (D. C.) 300; *Everett* v. *Carr*, 59 Maine, 325.

Entry will be,

*Appeal dismissed with one bill of costs.*