## Hilbert, Appellant, *v.* Pennsylvania R. R. Co.

*Railroads—Carriers—Common carriers—Loss of goods—Notice —Laches—Limitation of action—Reasonable time—Judicial notice —Federal statutes—Cummins and Carmack Amendments—Act of 1920, 41 U. S. Stat. 462.*

1. An interstate shipment is governed by federal law.

2. The Cummins Amendment to the Carmack Amendment authorizes a limitation in a bill of lading of not less than two years for bringing a suit, and it is immaterial whether the goods entrusted to a carrier are lost by misdelivery or a refusal to deliver.

3. Where an interstate bill of lading provides that in case of failure to make delivery, suit must be brought within two years and one day after a reasonable time for delivery has elapsed, failure to bring suit until over six months after the expiration of two years and one day will bar the action.

4. If there is no dispute as to the facts, the court will determine as a matter of law what is a reasonable time, and in so doing take judicial notice of the distance between the place of shipment and of destination and of the time which by ordinary means of transportation would be consumed in sending the goods from one point to another.

5. Where an interstate bill of lading provides that in case of nondelivery, claim must be made in writing within six months after a reasonable time for delivery has elapsed, failure to make such claim within that time will bar an action.

6. Where an interstate shipment was made on November 21, 1917, and the carrier's railroad passed under federal control on November 25, 1917, and the shipper's claim is based on refusal to deliver the goods on demand in May, 1920, the period of limitation provided in the bill of lading is not affected by section 205 (f) of the Federal Transportation Act of 1920 (41 U. S. Stat. 462) which provides that the period of federal control shall not be computed as a part of the periods of limitation in actions against carriers.

Argued January 10, 1923. Appeal, No. 57, Jan. T., 1923, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1920, No. 1064, refusing to take off nonsuit, in case of Mary A. B. Hilbert v. Pennsylvania Railroad Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Trespass for conversion of goods. Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting it.

*Allen S. Olmsted, 2d.,* for appellant.—The two-year-and-a-day provision of the bill of lading, if applicable to this shipment, is unreasonable and therefore void: C., M. & St. P. Ry. v. McCaull-Dinsmore Co., 253 U. S. 97; Union Pac. R. R. v. Burke, 255 U. S. 317; St. Louis, etc., Ry. v. Starbird, 243 U. S. 592.

The bill of lading does not refer to suits where the goods have not been lost nor damaged nor delayed: Northern Pac. Ry. v. Wall, 241 U. S. 87; Adams Express Co. v. Croninger, 226 U. S. 491.

The period of limitation starts to run, if at all, upon the conversion of the goods: M., K. & T. Ry. v. Harri-

man, 227 U. S. 657; Com. v. Wheeler, 73 Pa. Superior Ct. 164; Finkbone's App., 86 Pa. 368.

What is a "reasonable time for delivery" is a question of fact for the jury: Sloss-Sheffield S. & I. Co. v. Iron Co., 54 Pa. Superior Ct. 11; Coroneos Bros. v. R. R., 75 Pa. Superior Ct. 222.

The period of federal control should not be computed as part of the two years and a day: T. & P. Ry. v. Leatherwood, 250 U. S. 478; Chicago & Alton Ry. v. Kirby, 225 U. S. 155.

*Francis B. Biddle,* with him *Charles Myers* and *Sharswood Brinton,* for appellee.—The regulations concerning interstate commerce govern this controversy: Georgia, Florida & Alabama Ry. v. Milling Co., 241 U. S. 190.

The two-year-and-a-day provision of the bill of lading is reasonable: M., K. & T. Ry. v. Harriman, 227 U. S. 657; T. & P. Ry. v. Leatherwood, 250 U. S. 479.

The period of federal control does not apply: Wm. F. Mosser & Co. v. Payne, 114 S. E. (W. Va.) 365; New York Cent. R. R. v. Lazarus, 278 Fed. 900.

Opinion by Mr. Justice Walling, April 9, 1923:   .

On November 21, 1917, the plaintiff, Mary A. B. Hilbert, shipped a carload of household goods from Huntington, Mass., to Philadelphia, by way of the Pennsylvania Railroad Company, defendant. By some oversight the goods were not delivered to plaintiff on arrival, although she made repeated inquiries for them, but were sent to a storage warehouse, where they were later found. Meantime, charges had accumulated, without payment of which defendant declined to surrender the goods, and, to recover their value, plaintiff brought this action of trespass. The trial judge granted a compulsory nonsuit and the refusal to take it off forms the basis of this appeal by plaintiff.

The shipment was made under a bill of lading which provides, inter alia, as follows: "Except where the loss,

damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery, claims must be made in writing to the originating or delivering carrier within six months after delivery of the property......or, in case of failure to make delivery, then within six months......after a reasonable time for delivery has elapsed; and suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed." Plaintiff made no written demand for her goods, or damages for their detention, until shortly before the bringing of this suit on May 29, 1920. It was an interstate shipment and as such governed by federal law. See Mo., Kans. & Texas Ry. v. Harriman, 227 U. S. 657; Adams Express Co. v. Croninger, 226 U. S. 491; Concordia Silk Hosiery Co. v. Pa. R. R. Co., 69 Pa. Superior Ct. 361. There is nothing novel in the bill of lading here in question; in fact, it is the uniform bill, in general use; the validity of its two year and one day limitation, as a reasonable provision, has been settled by the Supreme Court of the United States, where actions brought at a later period for conversion or loss of or damages to the goods have been held barred. See Texas & Pac. Ry. v. Leatherwood, 250 U. S. 478; Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co., 241 U. S. 190; Leigh Ellis & Company v. Davis, Agent, opinion by Mr. Justice Holmes, January 29, 1923; to like import are Leigh Ellis & Co. v. Payne, 274 Fed. 443; William F. Mosser Co. v. Payne, 114 S. E. (W. Va.) 365; Northern Milling Co. v. Davis, Agent, 190 N. W. (Wis.) 351. These authorities are controlling of the instant case and it is not material whether plaintiff's goods were lost by a misdelivery or a refusal to deliver. The Cummins Amendment to the Carmack Amendment (U. S. Comp. St.

8604a) authorizes such a limitation of not less than two years in bills of lading.

The suit was not brought until over six months after the expiration of the two-year-and-one-day period and the trial court properly held the six months more than a reasonable time for delivery and therefore that the suit was barred. The court will take judicial notice of the distance between the place of shipment and of destination and of the time which by ordinary means of transportation would be consumed in sending the goods from one point to the other and determine the same as a matter of law: Sloss-Sheffield Co. v. Tacony Co., 54 Pa. Superior Ct. 11. Where there is no dispute as to the facts, the question of a reasonable time is for the court: Riddle Company v. Taubel, 277 Pa. 95.

Furthermore, the plaintiff here made no claim in writing against the carrier until nearly two years and six months after the date of shipment, and as the loss, damage or injury complained of was not due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, her right of action was lost by failure to make such written claim within six months after a reasonable time for delivery, as the provision in the bill of lading to that effect is obligatory. See St. Louis, I. Mt. & So. Ry. Co. v. Starbird, 243 U. S. 592, 605; Queen of the Pacific, 180 U. S. 49; Riddlesbarger v. Hartford Ins. Co., 74 U. S. 386; Lissberger v. Bush Terminal R. Co., 197 N. Y. S. 281; Coroneos Brothers v. Penna. R. R. Co., 75 Pa. Superior Ct. 222; Trust Co. v. Toledo, St. L. & K. C. R. Co., 107 Fed. 628.

The suggestion that the instant case is affected by section 206 (f) of the Federal Transportation Act of 1920 (41 U. S. Stat. 462), which provides that "The period of federal control shall not be computed as a part of the periods of limitation in actions against carriers or in claims for reparation to the commission for causes of action arising prior to federal control," is untenable. This shipment, as above stated, was made November 21,

1917, and the defendant passed under federal control on December 28, 1917. Plaintiff's claim is for a conversion of the goods, what at common law would be an action of trover, but there is no suggestion of any conversion, prior to the date last named; in fact, plaintiff bases her claim on defendant's refusal to deliver the goods upon demand made in May, 1920. Hence, as the cause of action did not accrue prior to federal control, the last above quoted provision has no application, and we need not consider whether it applies to a contractural limitation.

The judgment is affirmed.