11339

SPARTAN MILLS v. DAVIS, DIR. GEN.

(119 S. E., 905)

1. CARRIERS—ACTION FOR LOSS OF GOODS HELD NOT BROUGHT WITHIN TWO YEARS AND A DAY AFTER LAPSE OF REASONABLE TIME FOR DELIVERY.—Bales of sheeting were delivered to carrier for transportation from Spartanburg to New York on June 3, 1918. All but three bales were delivered to consignee on July 27, 1918. On March 5, 1919, carrier declined plaintiff's claim for loss of these three bales, filed November 19, 1918, and wrote plaintiff on October 14, 1919, that all efforts to locate the shortage for plaintiff had failed, and on October 11, 1919, at plaintiff's request returned the claim papers, and plaintiff instituted this action on October 27, 1921. *Held*, that the action was not brought within two years and a day after the lapse of a reasonable time for delivery, as required by the bill of lading.

2. CARRIERS—QUESTION OF REASONABLE TIME FOR DELIVERY ORDINARILY FOR JURY.—Ordinarily, the question of a reasonable time for delivery is one of fact for the determination of the jury, in which there enters the consideration of distance, route, mode of conveyance, character of freight, facilities available, usual time required, abnormal conditions of weather, and extraordinary conditions of any character affecting movements of freight.

3. TRIAL—CONCEDED FACTS SUSCEPTIBLE OF ONLY ONE REASONABLE INFERENCE FOR COURT.—Where the conceded facts are susceptible of only one reasonable inference, the question is one of law for the Court.

4. CARRIERS—INTERSTATE CARRIER CANNOT EXTEND TIME WITHIN WHICH SUIT MAY BE BROUGHT, AS IT WOULD INVOLVE DISCRIMINATION.—An interstate carrier cannot extend the time within which under the bill of lading a suit against it for loss of the goods may be brought, as that would involve a discrimination.

Before W. S. HALL, SPECIAL JUDGE, Spartanburg, Fall term, 1922. Reversed with directions.

Action by Spartan Mills against James A. Davis as Director General of Railroads. Judgment for plaintiff, and defendant appeals.

*Messrs. DePass & Wrightson,* for appellant, cite: *Action barred because not brought within time limited by the*

*bill of lading:* 278 Fed., 900; 274 Fed., 443; 276 Fed., 400; 121 Atl., 576; 111 S. E., 710. *No waiver:* 115 S. C., 224; 114 S. C., 183; 241 U. S., 190; 118 N. W., 272.

*Messrs. Perrin & Tinsley,* for respondent, cite: *Reasonable time dependent on circumstances:* 10 C. J., 286; 118 S. E., 614.

November 14, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action commenced April 27, 1921, to recover $847.27, the value of, and freight paid upon, three bales of cotton cloth, shipped by the plaintiff from Spartanburg to New York, consigned to Deering, Milliken & Co., on June 3, 1918, which were never delivered to the consignees.

The answer contains a general denial and the specific defense that the suit was not brought within two years and a day after a reasonable time for delivery had elapsed, as provided in the bill of lading.

Trial was had before Hon. W. S. Hall, Special Judge, and a jury, at the fall term, 1922, at Spartanburg, and resulted in a verdict of $847.27 in favor of the plaintiff. The defendant has appealed.

At the close of all the testimony the defendant made a motion for a directed verdict in his favor upon the ground above stated as his special defense. This motion was refused, and the sole ground of appeal is that the motion should have been granted.

The evidence submitted by the plaintiff tended to establish the following facts:

(1) The three bales of sheeting were delivered to the carrier for transportation on June 3, 1918.

(2) Other bales of sheeting shipped by the plaintiff to the same consignees, in the same car, on the same day, were delivered to the consignees in New York on July 27, 1918.

(3) The three bales were never delivered to the consignees.

(4) The plaintiff filed a claim for the undelivered bales, with the defendant, on November 19, 1918.

(5) The defendant explicitly declined the claim on March 5, 1919, upon the ground that the goods had been checked short when the car which had been loaded by the plaintiff, and under its seals, was inspected by the defendant's agents on delivery of the car.

(6) On April 29, 1919, the plaintiff wrote a letter to its representative, a copy of which was on April 30, 1919, transmitted by said representative to the defendant, stating that the goods had possibly by error been shipped over the P. & N. Railway or in the wrong car. The representative closed with the following:

"With the above information we trust that you will be able to be of assistance to us in the matter. * * * Won't you please investigate this further, advising me, and oblige."

(7) On October 14, 1919, the defendant wrote the plaintiff's representative:

"Since receipt of yours April 30th, we have made every effort to locate this shortage for you, having followed every car the mills loaded on that day. I am very sorry these efforts did not locate the shortage but as per ours March 5th, this shipment checked short under shipper's seals at Hayne, S. C., platform, under date of June 4, 1918, and there is therefore no liability with carriers, and your claim is respectfully declined."

(8) On October 16, 1919, the plaintiff's representative wrote to the defendant asking a return of the claim papers; and on November 10, 1919, repeated the request, which was complied with on November 11, 1919.

The motion for a directed verdict was refused upon this ground:

"I think it is a question for the jury to determine whether or not in waiting from the time the claim was filed until it

was finally rejected, whether they allowed an unreasonable (reasonable?) time to elapse."

The real question in the case is whether or not, under the evidence, the presiding Judge would have been justified in holding that the suit had not been commenced within two years and a day after a reasonable time for delivery had elapsed.    In other words, could he have decided as a matter of law that a reasonable time for delivery plus two years and a day had elapsed before the suit was commenced?

Ordinarily, the question of a reasonable time for de-
2, 3 livery is one of fact for the determination of the jury, in which there enter, as the Court declares in *Allen v. Davis*, 118 S. E., 614, "distance, route, mode of conveyance, character of the freight, facilities available, usual time required, abnormal conditions of weather, and extraordinary conditions of any character affecting the movement of freights."    But this is, as all other issues of fact are, subject to the rule that where the conceded facts are susceptible of only one reasonable inference, the question is one of law for the Court.    This case comes within the latter classification.

The action was commenced on April 27, 1921, 2 years, 10 months, and 24 days after the delivery for shipment.    If it was commenced within the limitation of 2 years and 1 day from the expiration of a reasonable time for the delivery of the shipment to the consignee, it must be assumed that that time had not expired on April 26, 1919, 2 years and 1 day before the suit was commenced, and 10 months and 24 days after the shipment was delivered to the carrier for transportation; in other words, that a reasonable time for transportation and delivery had not elapsed when 10 months and 24 days had passed.

The Court is asked to shut its eyes to common knowledge and experience, and to submit to the jury the issue whether or not a carrier undertaking to transport a shipment from Spartanburg to New York should be allowed 10 months

and 24 days as a reasonable time for ·the performance of that contract, when it is known that a "prairie schooner" in the days of '49, traveling 20 miles a day, could have made the trip in one-sixth of the time.

In *American Railway Express Company v. Roberts,* 28 Ga. App., 510; 111 S. E., 744, it is held, under an interstate express receipt requiring notice of a claim for failure to deliver to be made within four months after a reasonable time for delivery has elapsed, what is a reasonable time for transportation is a question for the jury, except where the undisputed facts show so clear and manifest delay that the Court may hold it unreasonable as a matter of law.

In *Kahn v. American Railway Express Company,* 88 W. Va., 17; 106 S. E., 126, it was held that, if the facts are such as afford no ground for two different and intelligent opinions respecting the reasonable time for delivery, the Court may determine it as one of law.

The "Case" shows that it was admitted that "the other bales of cloth shipped by Spartan Mills to the same concern, in the same car, on the same day, were delivered to Deering Milliken Company on July 27, 1918," a period of 54 days, which of itself is persuasive evidence of what should be considered a reasonable time; the limitation, with this as a starting point, expired on July 28, 1920, nine months before the suit was commenced.

The plaintiff filed its claim on November 19, 1918, which of itself strongly indicates that the plaintiff considered that the defendant, at that date, had had a reasonable time within which to transport and deliver the shipment; for it would hardly have presented a claim for the lost goods before a reasonable time had elapsed. Taking this as a starting point for the limitation, the time expired on November 20, 1920, four months and seven days before the suit was commenced.

On March 5, 1919, the defendant positively and specifically, and for a stated reason, declined the claim. The

letter of the plaintiff to its representative, of April 29, 1919, thereafter, indicates that there might have been good reason why the shipment checked short at Hayne. Taking the date of this rejection of the claim as a starting point for the limitation, the time expired on March 6, 1921, one month and 22 days before the suit was commenced.

In the case of *N. Y. C. R. Co. v. Lazarus* (C. C. A.), 278 Fed., 900, a consignment was delivered to the carrier at Seattle, Washington, on June 17, 1917, for transportation to New York. On August 21, 1917, the consignment was delivered in New York short a part of the goods. Suit was commenced for the lost articles more than two years and one day after August 21, 1917. The Court held that under the contract limitation the action was barred. If the Court in that case assumed to hold that 65 days should be deemed a reasonable time for transportation between Seattle and New York, across the continent, it would not appear a stretch of judicial power to hold that less than 324 days was such between Spartanburg and New York, not one-third of the distance.

In *Hilbert v. Pennsylvania Railroad Company,* 277 Pa., 105; 120 Atl., 778, it was held that six months was more than a reasonable time for delivery, and that the suit not having been begun in two years and one day thereafter was barred.

In *Liberty Sales Company v. Davis* (Mun. Ct.), 198 N. Y. Supp., 253, it was held that where a shipment was received by the carrier on November 7, 1919, and suit was begun on February 28, 1922, it was barred, as a reasonable time for delivery between November 7, 1919, and February 27, 1919, had elapsed.

In *Humphrey-Cornell Company v. Hines,* 97 Conn., 21; 115 Atl., 561, it was held that six months was a liberal allowance for transportation, where it appeared that a similar shipment on the same day and purporting to be in the same car was delivered in eight days.

But, the plaintiff contends, the defendant continued its search for the lost goods after the positive declination on March 5, 1919, and did not finally decline the claim until its letter of October 14, 1919; that this should have been adopted as the starting point, or at least it should have been left to the jury to decide whether or not the additional efforts to find the goods contained an implied extension of what should be considered a reasonable time for delivery; and adopting this last date, October 14, 1919, the time for commencing suit did not expire until October 15, 1921, five months and eighteen days after the suit was commenced.

There are two conclusive answers to this contention.

1. The claim was positively declined on March 5, 1919; thereafter on April 30, 1919, the plaintiff's representative sent to the defendant a copy of the plaintiff's letter of April 29, 1919, suggesting that the cloth might have been loaded in the wrong car and asked the defendant: "With the above information we trust you will be able to be of assistance to us in this matter." As shown by the defendant's letter of October 14, 1919, the efforts to locate the lost goods were executed on behalf of the plaintiff, and were in no wise a recession from the letter of March 5, 1919, declining the claim:

"Since receipt of yours April 30, we have made every effort to locate this shortage for you, having followed every car the mills loaded on that day"—their own cars as well as those of other lines.

This letter was introduced by the plaintiff.

In *Jennings v. Barrett* (Sup.) 194 N. Y., Supp., 679, it is held that a letter written by the carrier before the time to sue expired, that they were tracing the lost goods and that they would take the matter up as soon as definite information was received, did not amount to a waiver of the limitation for suit.

2. Even if there had been a positive agreement on the part of the defendant to extend the time within which suit should be commenced, it would not avail the plaintiff. In the case of *Allen v. Davis,* 118 S. E., 614, this Court declares:

"While we have been cited to no decision upon the precise point here involved, the Supreme Court of the United States would seem to be clearly committed to the doctrine that the prohibitions of the Federal Law 'against unjust discriminations relate not only to the inequality of charges and inequality of facilities, but also to the giving of preference by means of consent judgments or the waiver of defenses open to the carrier.' [Citing cases.] * * * If the carrier may by agreement or by conduct fix what is a 'reasonable time for delivery' in any case, it would seem that it might or might not invoke the defense of this contractual limitation at its option and could in that particular practice at pleasure discrimination in the payment or contest of claims. [Citing cases.]"

In *Rogers v. R. Co.* (N. C.), 118 S. E., 885, filed September 19, 1923, the shipment was received by the carrier on September 28, 1918; claim was filed August 27, 1919; suit was commenced February 27, 1922. The Court held that the shipper was barred both under the limitation for filing claim and for commencing suit. In an attempted evasion of the limitation for filing claims, the plaintiff proved that the carrier had a custom and agreement that claims for loss should not be filed until the end of the year. In reference to that contention the Court held:

"The provisions in the bill of lading cannot be waived by the parties to the contract of shipment," and cite the case of *Texas, etc., R. Co. v. Leatherwood,* 250 U. S., 478, in which "it was decided that the parties to an interstate bill of lading cannot waive its terms; that the carrier cannot by its conduct give the shipper a right to ignore them, and that 'a different view would antagonize the plain policy

of the act, and open the door to the very abuses at which the act was aimed.' "

This declaration is equally applicable to the contract limitation relating to commencing suit.

In reference to the latter limitation, the Court shows that it is not contrary to the Carmack Amendment or to the amendments thereto (U. S. Compiled Stat., § 8604, and amendments. *Ellis v. Davis,* 260 U. S., 682; 43 Sup. Ct., 243; 67 L. Ed., —), and holds:

"The suit was not brought until after the lapse of this period, whether the time be computed from August 27, 1919 (when claim was filed), as contended by the plaintiffs, or from the expiration of a 'reasonable time' for delivery after September 28, 1918 (when the shipment was received by the carrier), as contended by the defendant. In either event the plaintiff's action is barred."

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for the direction of a verdict in favor of the defendant under Rule 27 (90 S. E., xii).

Messrs. Justices Watts, Fraser and Marion concur.

Mr. Chief Justice Gary dissents.

Mr. Justice Fraser (concurring) : It seems to me that the conditions that existed at the time this shipment was made would give rise to a very wide difference of opinion as to what constituted a reasonable time to deliver the freight, for the loss of which this action was brought, and if the whole shipment had been lost, it would have been a question for the jury to say what, under the circumstances, was a reasonable time. No reason has been suggested, and I know of none, why a part of the shipment could have been delivered and a part could not have been delivered. It seems to me that a delivery of a part of the shipment fixes beyond controversy a reasonable time within which the lost goods could have been delivered. I, therefore, concur with Mr. Justice Cothran.