AMERICAN RAILWAY EXPRESS COMPANY *v.* SHIDELER.

[No. 13,268.  Filed March 5, 1929.]

*Baker & Daniels* and *William W. Seagle*, for appellant.
*Thomas H. Fittz*, for appellee.

LOCKYEAR, J.—This was an action by the appellee to recover from the appellant damages allegedly sustained by the appellee through a decline in the market price of a carload of tomatoes shipped from San Benito, Texas, to Houston, Texas, in the month of May, 1921,

consigned to the shipper and diverted in transit to the appellee at Indianapolis, Indiana, it being the contention of the appellee that such car of tomatoes was delayed in transit through the fault of the appellant, and that such delay resulted in the alleged loss through decline in market price.

The issues were formed on the amended complaint of the appellee and an answer in two paragraphs by the appellant, the first paragraph of which answer was in general denial of the amended complaint, and the second paragraph pleading that, by the terms of the contract of shipment covering this carload of tomatoes, the time within which appellee might bring this action expired before this action was begun, and a reply by appellee in general denial of the second paragraph of answer to the amended complaint. The issues thus formed were submitted to the court for trial without the intervention of a jury. The court found for the appellee and against the appellant, and adjudged the appellee have judgment against appellant in the sum of $500, together with the costs of the action.

The only error assigned by the appellant is that the court erred in overruling the motion of appellant for a new trial on the following grounds: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (3) error in the assessment of the amount of recovery, the amount of recovery being too large.

It was stipulated by the parties hereto that a letter dated October 28, 1921, addressed to the appellee and signed "F. A. Baker, Claim Agent," written on behalf of the appellant, was received by the appellee in the due course of the mail following the said date of October 28, 1921, and was received prior to October 30, 1921, and it is undisputed that said letter contained this statement, "We respectfully decline the claim," and it was further

stipulated that the claim declined was the claim upon which this action is based. The American Railway Express Company's receipt provides, among other things, that suits for loss, damages or delay shall be instituted only within two years and one day after the date when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof.

This action was not begun until January 7, 1924, which was more than two years and one day after the claim had been disallowed by the appellant.

Upon receipt by the appellee of the appellant's written notice of declination of the appellee's claim, appellee refused to take "No" for an answer, and continued for a year or more to write to the appellant requesting payment and tried to show appellant that the claim was a meritorious one.

Letters passed both ways between the parties, but at no time did the appellant agree to pay the claim or recede from the statement made in the letter of October 28, 1921.

The appellee claims that the word "disallow" is not equivalent to "decline," as used by the appellant in the letter of October 28, 1921; also that by answering appellee's letters, appellee was lulled to sleep, and that the appellant is estopped to assert any right of contractual limitation.

The act of Congress of the United States, known as the Transportation Act of 1920, as amended, is as follows: Sec. 438 (eleventh paragraph of §20 further amended—third proviso—limitation of time as to giving notice of and filing claims and instituting suits). "The third proviso of the eleventh paragraph of §20 of the Interstate Commerce Acts (not counting the proviso added by §437 of this act) is hereby amended to read as follows: *Provided further*, that it shall be unlawful for

any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days, for the filing of claims than four months, and for the institution of suits than two years, such period for institution of suits to be computed from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice." 41 Stat. at L. 494; Fed. Anno. Statutes, 1920 Supplement, 119; 49 USCA §20 (11).

Under the law, this action was, at the time it was begun, barred by limitation made a part of the contract for transportation of the car of tomatoes involved in this action, upon which contract appellee sued herein.

Under the law appellant and appellee were bound by the terms and provisions of the contract covering the transportation of this interstate shipment, and appellant did not and legally could not waive the limitation of time within which this action must by the terms of such contract be begun. The finding of the court against the appellant on appellant's second paragraph of answer to the amended complaint is contrary to law. *Georgia, etc., R. Co.* v. *Blish Milling Company* (1916), 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948; *Phillips Co.* v. *Grand Trunk, etc., R. Co.* (1915), 236 U. S. 662, 35 Sup. Ct. 444, 59 L. Ed. 774; *Kansas City Southern R. Co.* v. *Wolf* (1923), 261 U. S. 133, 43 Sup. Ct. 259, 67 L. Ed. 571; *Decker & Sons* v. *Director General* (1919), 55 I. C. C. 433; *Humphrey-Cornell Co.* v. *Hines* (1921), 97 Conn. 21, 115 Atl. 561; *Shroyer* v. *Chicago, etc., R. Co.* (1920), 111 Texas 24, 222 S. W. 1095; *Spartan Mills* v. *Davis* (1923), 126 S. C. 312, 119 S. E. 905; *Leigh Ellis & Co.* v. *Davis* (1923), 260 U. S. 682, 43 Sup. Ct. 243, 67 L. Ed. 460; *New York Central R. Co.* v. *Lazarus* (1922), 278 Fed. 900; *Atlantic, etc., R. Co.* v. *Wauchula Truck Growers' Assn.* (1928), 118 So. (Fla.) 52.

Appellant is not estopped from relying upon the contractual limitation of time within which this action might be brought. Appellee has not pleaded estoppel and under the law estoppel must be affirmatively pleaded. *American Sheet, etc., Co.* v. *Reason* (1915), 184 Ind. 125, 110 N. E. 660; *Frain* v. *Burgett* (1898), 152 Ind. 55, 50 N. E. 873; *Kiefer* v. *Klinsick* (1895), 144 Ind. 46, 42 N. E. 447; *Board, etc.,* v. *O'Conner* (1894), 137 Ind. 622, 35 N. E. 1006, 37 N. E. 16; *City of Delphi* v. *Startzman* (1885), 104 Ind. 343, 3 N. E. 937.

Upon the foregoing considerations, we hold that it is not necessary to consider the other questions presented by the appellant and that the trial court erred in overruling the appellant's motion for a new trial, and that the judgment herein is reversed.