Commonwealth, Appellant, *v.* Peregoy.

Argued September 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Stewart J. Greenleaf*, Assistant District Attorney, with him *J. David Bean*, Assistant District Attorney, *William T. Nicholas*, First Assistant District Attorney, and *Milton O. Moss*, District Attorney, for Commonwealth, appellant.

*Alan Jay Josel*, for appellee.

OPINION BY CERCONE, J., December 11, 1973:

This is an appeal by the Commonwealth from the lower court's order quashing the transcript of a preliminary hearing and quashing indictments charging defendant with statutory rape, incestuous adultery and corrupting the morals of his minor daughter.

A proper consideration of this case requires a chronology of the events. On September 2, 1971, the Montgomery County Grand Jury returned bills of indictment against defendant alleging that he had committed the above-mentioned crimes "on or about August 21, 1970, and diverse other times within the other two years past." Since only the August 21st date was mentioned in the indictments, defendant, through his attorney, filed an application for a bill of particulars requesting all the dates, times and places of the alleged offenses in order to prepare an alibi defense. This application was denied by the lower court and no objection was taken by defendant. Defendant then filed a motion to quash the indictments on grounds of vague-

ness and inability to prepare a proper alibi defense. The lower court dismissed the motion to quash but limited the Commonwealth to proving only those offenses which allegedly occurred on August 21, 1970, being the only specific date set forth in the indictment. The defendant did not enter an objection to this order.

At trial on June 21, 1972, before a jury, the DA informed the court he was unable to proceed with the trial because none of the alleged offenses occurred on August 21, 1970. He requested the court to reconsider the earlier order restricting the trial to crimes alleged to have occurred on August 21, 1970, and to amend the indictments to include alleged crimes occurring on other dates. The court refused this request and also the DA's request for a nolle pros on the August 21, 1970, events. Instead the court instructed the jury as follows: "THE COURT: Well, members of the jury, by reason of certain pre-trial, motions and proceedings held heretofore in this matter, the Court had restricted the Commonwealth to prove [sic] of a crime committed on August 21st, 1970. And the district attorney has stated, in your absence, at the bar of the Court, that he is not prepared to offer any evidence as to a crime committed on that date, August 21st, 1970. So there's nothing further for the Court to do but to enter a verdict in favor of the defendant on the bill charging statutory rape, incestuous adultery and corrupting morals of children, as to any one or more of those offenses which may have been committed on August 21st. And you're number one in the box, so please rise and give a verdict of not guilty when called upon by the clerk." Although some colloquy preceded the court's instruction to the jury, there is no doubt as to its intent and purpose. Furthermore the defendant entered no objection to the court's instruction nor to the verdict which was entered on the basis of the instruction.

The Commonwealth rearrested defendant on August 12, 1972 on charges of incestuous adultery, statutory rape and corrupting the morals of minors, this time covering specific dates, to-wit, September 4, 5, 12, 19, 26, 1970; October 3, 10, 17, 24, 31, 1970; November 7, 14, 21, 28, 1970; December 5, 12, 19, 26, 1970; January 2, 9, 16, 23, 30, 1971. (These dates, with the exception of September 4, 1970, which was a Friday, fell on Saturdays).

At the preliminary hearing on these charges, the prosecuting witness testified that defendant had sexual relations with her on September 4, 1970, and every weekend thereafter through January 30, 1971. She remembered September 4, 1970, specifically because on that day defendant purchased a new automobile (her father and mother were separated and prosecutrix lived with her father during the time of the alleged offenses). Although the complaint set forth specific weekend dates, prosecutrix could only remember September 4, 1970, as a specific date on which sexual relations took place, but she did recall that defendant had relations with her every weekend after September 4, 1970, through January 30, 1971. The magistrate found that a prima facie case had been made out as to September 4, 1970, and left it to the trial court to decide the sufficiency of the evidence as related to the allegation of crimes allegedly committed on weekends.

Defendant filed a motion to quash the transcript of this preliminary hearing on grounds of double jeopardy and lack of presence of a prima facie case. Before the lower court decided the merits of defendant's motion, indictments were returned against defendant on September 18, 1972, for the above alleged crimes. The indictments were permitted to be presented and returned by order of court in order to toll the statute of limitations on the alleged crimes charged against defendant on the understanding among the parties that the indict-

ments would stand or fall dependent upon the court's ruling on the motion to quash the transcript. The indictments set forth the alleged crimes as having been committed on August 22, 29, 1970; September 4, 5, 12, 19, 26, 1970; October 3, 10, 17, 24, 31, 1970; November 7, 14, 21, 28, 1970; December 5, 12, 19, 26, 1970; January 2, 9, 16, 23, 30, 1971.

We reverse the lower court's granting of the motions to quash the transcript of the preliminary hearing and the motion to quash the indictments. Since no objections were entered or taken to the lower court's order restricting the first indictments to the August 21, 1970 events, nor to the trial court's instructions to the jury or to the subsequent verdict, we need not discuss the lower court's power to amend indictments except to point out that our courts have broad discretion in permitting amendments to indictments, Sections 11, 12, 13 of the Criminal Procedure Act of March 31, 1860, P. L. 427, 19 P.S. 431, 433; *Commonwealth v. Syren,* 150 Pa. Superior Ct. 32 (1942); and *Commonwealth v. Polin,* 140 Pa. Superior Ct. 18 (1940). See Pa. R. Crim. P. 220, 221. Therefore, there exists no legal impediment, constitutional or otherwise, which prevented the Commonwealth from re-arresting defendant for crimes committed on days other than August 21, 1970. The crimes alleged to have been committed, as set forth in the second criminal complaint and the second series of indictments, covered specific days other than August 21, 1970.

The preliminary hearing on the second complaint and arrest was held on August 17, 1972. All the days covered in the complaint, beginning with September 4, 1970, were within the two-year statute of limitations. Therefore the prosecutrix' testimony regarding September 4, 1970, as the day she fixed as having had sexual relations with defendant was proper testimony upon which the magistrate could find that a prima facie case

had been established against the defendant. Further-
more, the testimony of the prosecutrix that the defend-
ant had sexual relations with her every weekend after
September 4, 1970, was also sufficient evidence to con-
stitute prima facie evidence of the crimes on subsequent
weekends. The court can take judicial notice[1] of the
fact that every weekend after September 4, 1970, did in
fact include the dates specifically set forth in the com-
plaint, each of those dates being a Saturday.

The indictments stand on their own. The Grand
Jury returned the indictments on September 18, 1972.
Even though September 4, 1970, was beyond the statute
of limitations so far as the Grand Jury indictments
are concerned, the other specific dates from September
19, 1970, through January 30, 1971, were not. Although
September 4, 1970, was beyond the limitation period, it
is relevant because it is the date on which the prose-
cutrix specifically remembered having had sexual rela-
tions with defendant. Thus, it became merely a date of
reference from which to compute the subsequent week-
end days which fell within the statutory period. The
lower court erred when it found that the statute of limi-
tations had run against defendant's crimes because the
prosecutrix testified at the preliminary hearing about
the September 4, 1970 event. We have no record of
what she testified to in the Grand Jury with relation
to the other specific dates set forth in the indictments
and which were well within the statute of limitations.
Those days are designated as times of the alleged of-
fenses committed by defendant and make him answer-
able to those charges.

We find no double jeopardy involved in this case.
Each act of the alleged crimes constitutes a separate

---

[1] See the following cases on judicial notice: *Wilson v. Van Leer*,
127 Pa. 371 (1889) ; *Hilbert v. P.R.R.*, 277 Pa. 105, 109 (1923) ;
*Schmidt v. Allegheny County*, 303 Pa. 560, 566 (1931) ; *Schentzel v.
Phila. National League Club*, 173 Pa. Superior Ct. 179, 188 (1953).

crime. None of the days set forth either in the second criminal complaint or in the second series of indictments on which defendant's crimes allegedly occurred, with the exception of August 21, 1970, were at issue at the first trial of June 21, 1972. We agree with the Commonwealth that the evidence necessary to support the conviction on the present charges and the evidence which would have been required to sustain a conviction on the initial indictments is not the same. The controlling issues are different in each of the two sets of indictments. The cases of *Benton v. Maryland,* 395 U.S. 784 (1965), and *Ashe v. Swenson,* 397 U.S. 436 (1970), cited by the defense as supportive of its position on double jeopardy, are not on point here and not relevant to the disposition of this case.

We find no double jeopardy and no lack of prima facie evidence for the magistrate or the Grand Jury and therefore reverse the lower court and remand the matter for new trial on those dates beginning with September 19, 1970 through January 30, 1971, as set forth in the indictment of September 18, 1972.

JACOBS and HOFFMAN, JJ., concur in the result.